## ATTACHMENT A

|   | Date | Event |
|---|---|---|
| 1 | 11/23 | Motions[1] to dismiss the indictment that do not rely upon evidentiary materials outside the face of the indictment |
| 2 | 11/23 | Motions pursuant to Rule 12(b)(3)(A) or (B) (defects in instituting the prosecution or in the indictment) |
| 3 | 11/23 | Motions seeking severance of defendants, or counts, under Rule 14, or on any other basis |
| 4 | 12/11 | Government to file report to the court as to the status of discovery |
| 5 | 12/21 | Responses to 1, 2, 3 |
| | Dates above are in 2020; dates below are in 2021. | |
| 6 | 1/6 at 9:00 | Status conference to address the status of discovery[2] |
| 7 | 1/6 at 9:00 | Hearing on motions that are at issue |
| 8 | 1/15 | Motions to dismiss that are based on materials outside the face of the indictment |
| 9 | 1/15 | Motions to suppress or exclude evidence (including statements by defendants) or testimony as having been obtained contrary to law[3] |

---

[1] Counsel are reminded of LCvR7.1, made applicable in this case by LCrR1.3, which states, in pertinent part, that: "*Each motion filed shall be a separate document*, except where otherwise allowed by law, these rules, or court order. A response to a motion may not also include a motion or a cross-motion made by the responding party." (emphasis added).

[2] The presence of the defendants is not required.

[3] Any motion to suppress shall set forth, with particularity, the items of evidence or statement(s) to which the motion is addressed and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms may be stricken. Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence or statement was unlawfully obtained.

|    | Date        | Event |
|----|-------------|-------|
| 10 | 2/2         | Responses to 8, 9 |
| 11 | 3/2 at 2:00 | Hearing on motions at issue |
| 12 | 6/1         | Motions for James hearing |
| 13 | 6/7         | Government disclosure pursuant to Rule 16(a)(1)(F) (examinations and tests) |
| 14 | 6/7         | Government expert disclosure pursuant to Rule 16(a)(1)(G)[4] |
| 15 | 6/21        | Defense disclosure pursuant to Rule 16(b)(1)(B) (examinations and tests) |
| 16 | 6/28        | Defense expert disclosure pursuant to Rule 16(b)(1)(C)(i) |
| 17 | 7/12        | Government to file summary of evidence (for James hearing purposes only) that (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. Summary to include, as to each defendant filing a James motion, the evidence establishing the date by which the defendant joined the conspiracy. The summary will also include, as to each defendant filing a James motion, a compendium of the defendant's co-conspirator statements which the government would propose to introduce into evidence.[5] |

---

[4] With respect to written summaries of proposed expert testimony, counsel for the government and the defendants must be mindful that summaries must "describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications." Rule 16(a)(1)(G) and (b)(1)(C), Fed.R.Crim.P. Counsel should also be mindful that summaries of proposed expert testimony "should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Advisory Committee Notes to 1993 amendment to Rule 16, Fed.R.Crim.P. See also, United States v. Jackson, 51 F.3d 646, 651 (7th Cir. 1995). Cursory summaries of proposed expert testimony will not suffice. It should also be borne in mind that Rule 16(a)(1) and (b)(1), and Rule 702 (with the resultant gatekeeper responsibility), apply to "soft" as well as "hard" expert testimony, e.g., United States v. Cruz, 363 F.3d 187 (2nd Cir. 2004).

[5] If the government desires to withhold, for the time being, the actual identity of any person whose identity is otherwise required by this order to be disclosed in the compendium, the

|    | Date | Event |
|----|------|-------|
| 18 | 7/12 | Motions challenging the admissibility of expert testimony under Daubert/Rule 702 |
| 19 | 7/26 | Responses to 18 |
| 20 | 8/2  | Application by government for inspection or disclosure of returns or return information pursuant to 26 U.S.C. § 6103(i)(1) |
| 21 | 8/5-6 at 9:00 | James hearing and hearing on Daubert/Rule 702 motions |
| 22 | 9/13 | Application by government for use or disclosure pursuant to 26 U.S.C. § 6103(i)(4) |
| 23 | 9/13 | Requested jury instructions and verdict forms[6] |
| 24 | 9/20 | Motions in limine seeking to exclude evidence on any basis not subject to an earlier deadline, or seeking a pretrial determination that evidence is admissible[7] |
| 25 | 9/27 | Objections to 23 and responses to 24 |

---

government shall file, not later than June 28, 2021, a motion seeking permission to do so. Any such motion may be filed *ex parte* and under seal and shall clearly state (i) the factual basis on which the government relies in seeking to temporarily withhold the identity information and (ii) the reasons for which the government submits that temporary withholding of identity information will not unduly impair the ability of the court or defendants' counsel to discharge their respective duties with respect to the determination of the issues before the court at the James hearing.

   The compendium need not repeat the contents of co-conspirator statements that are clearly reflected in discovery materials provided to the defendants, as long as the materials relied upon are appended to the compendium and the compendium *specifically* cites the relevant portion(s) of the appended discovery materials.   The compendium may be filed under seal (but not *ex parte*)..

   [6]   Counsel shall provide to chambers, by way of the orders inbox, an electronic version of requested instructions and verdict forms, in Microsoft Word format.  Defendants' proposed jury instructions shall be accompanied by a statement as to whether the defendant waives jury trial as to forfeiture issues.  Proposed jury instructions must include an index.  Each requested jury instruction shall cite its legal authority, at the bottom of the instruction.  **The court strongly urges the defendants to collaborate on jury instructions and to submit a joint set of proposed jury instructions.**

   [7]   Motions in limine that disregard the advice set forth in Part G of the chambers rules of the undersigned judge will likely be stricken in whole or in part.

|    | Date  | Event |
|----|-------|-------|
| 26 | 9/27  | Rule 404(b) notices[8] |
| 27 | 9/27  | Government to provide copies of charts, summaries and demonstrative exhibits, including all items asserted to be admissible wholly or in part on the basis of Rule 1006[9] |
| 28 | 10/12 | Defendants to provide copies of charts, summaries and demonstrative exhibits, including all items asserted to be admissible wholly or in part on the basis of Rule 1006[10] |
| 29 | 10/12 | Motions to take testimony by deposition (Rule 15)[11] |
| 30 | 10/12 | All other motions not otherwise provided for in this schedule (except motions as to which a clear showing is made that the matter could not reasonably have been anticipated prior to this deadline) |
| 31 | 10/15 | All parties to provide thumb drives of trial exhibits to opposing counsel |
| 32 | 10/18 | Applications for subpoena pursuant to Rule 17(a) or (c) |
| 33 | 10/18 | Production by government of Brady and Giglio material not previously produced[12] |
| 34 | 10/18 | Production by government of Jencks (18 U.S.C. § 3500) material not previously produced[13] |

---

[8] Rule 404(b) notices filed on or before this date shall be treated presumptively as "reasonable notice" within the meaning of Rule 404(b)(2)(A). The timeliness of any Rule 404(b) notice given after this date may be challenged by motion filed as soon as practicable after the notice is served.

[9] See the Notice to Counsel filed this date.

[10] See the Notice to Counsel filed this date.

[11] This deadline does not apply where the need for the deposition was not known, and could not reasonably have been known, prior to the deadline. In those instances in which the need for the deposition was not known, and could not reasonably have been known, prior to the deadline, the motion shall be filed as soon as reasonably possible after the need becomes known. The court will give especially close scrutiny to the timeliness of motions filed less than thirty days before the date the trial is set to begin.

[12] The court expects, but does not direct, that the government will make reasonable efforts to produce Brady and Giglio material as it is obtained.

[13] The court recognizes that material that is not subject to production other than under

|    | Date              | Event                                                                                      |
|----|-------------------|--------------------------------------------------------------------------------------------|
| 35 | 10/18             | Trial briefs, requested voir dire, and proposed summary of the indictment                  |
| 36 | 10/19             | Responses to 29, 30                                                                        |
| 37 | 10/22             | All parties to provide thumb drives of trial exhibits to the Courtroom Deputy              |
| 38 | 10/27 at 1:30     | Final pretrial conference[14] and preliminary conference with respect to jury instructions |
| 39 | 10/29 at 1:30     | Hearing on pending motions                                                                 |
| 40 | 11/2/21           | Jury selection and trial[15]                                                               |

20-0240x003 (Chart of schedule events).docx

---

§ 3500 is not, strictly speaking, required to be produced before trial.   Therefore, this schedule item is precatory.

[14]   Lead trial counsel must attend this conference.

[15]   The court may, in its discretion, start the trial after a short interval after completion of jury selection.   Consequently, counsel should not assume that the trial will begin immediately after jury selection.