# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. CR-20-240-F ) |
| BOBBY CHRIS MAYES, | ) ) |
| Defendant. | ) |

## UNITED STATES' OPPOSITION TO DEFENDANT CHRIS MAYES' MOTION TO CONTINUE HEARING ON PENDING POST-TRIAL MOTIONS (DOC. 241)

The United States hereby responds to Defendant Chris Mayes' second motion to continue the evidentiary hearing associated with his motion for a new trial. (Doc. 241.)

The United States has significant concerns that the October 5, 2022 anonymous e-mail from "Derick Williams" is a fabrication and a hoax. There was no meeting as alleged in the e-mail. There were no text messages or any other material produced to the United States in "July/August" of 2021, let alone "over 300 pages" of such materials. As such, there is nothing to investigate[1] and no reason to continue the hearing on the pending motions.

---

[1] The only thing to be investigated is to identify the individual(s) behind this e-mail, who may have committed one or more federal crimes in the process of interfering in an official proceeding.

Mr. Mayes' second motion for a continuance will do nothing apart from creating further delay. The premise for the motion, an anonymous e-mail from an unidentified person, provides no basis to continue this matter any further. Mr. Mayes' motion for a new trial has been briefed. The parties know what issues are to be addressed at the hearing, and the Court has set aside ample time for the actual matters in dispute to be fully litigated.[2] The United States respectfully submits that it is time for the matters to be heard, for the Court to deny the motions for the reasons urged by the United States in its substantive responses, and to move to the sentencing phase of this case so that Mr. Mayes and his co-defendants can begin serving their sentences.

The foundation of the current motion is an anonymous e-mail sent by someone with an e-mail address of derrickwilliamsok@gmail.com, with the name "Derrick Williams," but who signs off on the e-mail as "DS". This person,

---

[2] On September 15, 2022, the Court set a schedule for the November 15 and 16, 2022 evidentiary hearing on the outstanding motions. (Doc. 238.) This schedule included deadlines for the parties to submit witness and exhibit lists and other matters. In its order directing the United States to file this response, the Court also put Mr. Mayes' October 7, 2022 deadline (originally set for October 3, 2022) to submit its expert and witness lists in abeyance pending resolution of this motion. (Doc. 242.) The United States' deadline to submit its responsive list of witnesses and exhibits is October 13, 2022. Since the United States' disclosures were to follow Mr. Mayes' disclosures by 10 days, the United States respectfully requests that its deadline to submit its required materials be set for 10 days following whenever Mr. Mayes is finally required to submit his materials.

whoever they may be, claims to have had a meeting in July/August of 2021 where "over 300" pages of texts were allegedly given to undersigned counsel and former AUSA McKenzie Anderson. These allegations are untrue. Undersigned counsel has consulted with Ms. Anderson. As an officer of this Court, undersigned counsel can represent that there simply was no such meeting that ever took place and neither the undersigned counsel nor Ms. Anderson is aware of any "Derrick Williams" or "DS" in any way related to this case. As such, nothing was ever produced in discovery because the events recounted in the recent e-mail simply never took place. Serious accusations of *Brady/Giglio* violations should be based on more than anonymous e-mails from unsubstantiated sources.

With respect to the text messages themselves, there is simply no reason to take them as anything more than a desperate attempt by someone to further muddy the waters in this case. The Court and the jury already heard from both Donna Mullins and Andy Elliott at trial, and both denied any intimate relationship. The defense's attempt to further delay the hearing on the pending motions to investigate collateral matters based on nothing more than the say so of "derrickwilliamsok@gmail.com" is not sufficient cause.

Moreover, this is not the first time these text messages have been seen. They were used by an anonymous and nefarious wrongdoer in the past. **After** the trial in this case, in February 2022, as detailed in the e-mails attached

3

hereto as Exhibits 1, 2, and 3, counsel for Mr. Elliott forwarded to undersigned counsel certain e-mails that had been sent to Mr. Elliott's wife.[3] The e-mails were little more than cyber bullying and included the same unsubstantiated text messages now sent by "derrickwilliamsok@gmail.com." Counsel for Mr. Elliott conveyed these e-mails and asked if there was anything that could be done to put a stop to the harassment. The FBI looked into those e-mails but were unable to readily identify their source, and the harassment of Mr. Elliott's wife ceased thereafter.

What is noteworthy about this prior harassment, is that those e-mails and text messages were sent from a different anonymous sender - "sonjya bejian" at "sonyacargal@yahoo.com." However, the e-mail chain itself claims that it is "not Sonya." In other words, someone originally used these same texts to try to anonymously harass and threaten Mr. Elliott's wife, hiding an unknown identity behind two layers of fake names. With this history, it

---

[3] Disclosure of such anonymous and unverified materials is not required by *Brady*, *Giglio*, or any other doctrine. *See United States v. Augurs*, 427 U.S. 97, 110 (1976) (confirming that there is no requirement for preliminary or speculative information to be disclosed as a matter of Constitutional law); *United States v. Locascio*, 6 F.3d 924, 948–49 (2nd Cir. 1993) (upholding a finding of no *Brady* violation where the evidence in question was "untrustworthy and unsubstantiated" as well as cumulative); *United States v. Souffront,* 338 F.3d 809, 823 (7th Cir. 2003) ("The failure to disclose untrustworthy and unsubstantiated allegations against a government witness is not a *Brady* violation."). Here, the United States is aware only of anonymous and unsubstantiated allegations based on unauthenticated and apparently fabricated text messages.

certainly appears that the same person may now be trying to use them to cause delay in this case and generate fake accusations of discovery violations.

Based on the foregoing, the United States respectfully requests that the Court deny Mr. Mayes' motion for a continuance so this case and all of the pending motions can be finally put to rest. To the extent the Court wishes to give Mr. Mayes additional time to try to investigate these anonymous and baseless allegations, it is well within the Court's discretion, but the United States believes that the only result of such a delay will be the delay itself.

      Respectfully submitted,

      ROBERT J. TROESTER
      United States Attorney

      <u>s/ THOMAS B. SNYDER</u>
      THOMAS B. SNYDER
      Assistant United States Attorney
      OBA# 31428
      210 Park Avenue, Suite 400
      Oklahoma City, Oklahoma  73102
      (405) 553-8781 (Office)
      (405) 553-8888 (Fax)
      thomas.snyder@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      For Defendant, Bobby Chris Mayes:
      W. Brett Behenna
      Michelle L. Greene
      William H. Bock
      Vicki Zemp Behenna
      Rachel Jordan

                                      s/ THOMAS B. SNYDER
                                      Assistant United States Attorney